## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 24-282 |
| | : | |
| | : | |
| IMOLEAYO SAMUEL AINA | : | |

### DEFENSE SENTENCING MEMORANDUM

Imoleayo Samuel Aina has accepted full responsibility for his actions and has pled guilty. This plea was entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The written plea agreement between the government and the defendant specifically provides that the sentence in this matter shall be between 52 and 72 months of imprisonment followed by 5 years of supervised release. This recommended sentencing range, if accepted by the Court, would be significantly *above* the applicable guideline range.

For the reasons set forth below, Mr. Aina respectfully requests that this Court accept the consensus plea agreement entered into between the government and the defense and impose a sentence within the range set forth therein. A sentence of incarceration within the range followed by 5 years of supervised release is sufficient—but not greater than necessary—given the nature of the offense and Mr. Aina's personal history and characteristics pursuant to *United States v. Booker*, 543 U.S. 220 (2005), its progeny, and 18 U.S.C. § 3553(a).

## I.    FACTUAL AND PROCEDURAL HISTORY

On August 7, 2024, Mr. Aina was indicted in the Eastern District of Pennsylvania along with two co-defendants: Afeez Olatunji Adewale and Samuel Olasunkanmi Abiodun. Specifically, Mr. Aina was charged with wire fraud, in violation of 18 U.S.C.

§ 1343 (Counts 1-4); cyberstalking resulting in death, in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(1) (Count 5); interstate threat to injure reputation, in violation of 18 U.S.C. § 875(d) (Count 6); receiving proceeds of extortion, in violation of 18 U.S.C. § 880 (Count 7) and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 8). The facts are not disputed. Five thousand miles away in Nigeria, Mr. Aina, like tens of thousands of other Nigerian boys and young men, inherited an online chat script written to trick foreigners into sending money. On January 3, 2023, Mr. Aina initiated such internet fraud with J.S., which involved posing as a young woman and soliciting naked photographs. The next day J.S. committed suicide when it appeared Mr. Aina would publish naked photographs J.S. had transmitted the day prior.

Mr. Aina was originally arrested for these allegations in Lagos back on September 14, 2023. On August 1, 2024, he was extradited to the United States. On August 8, 2024, he appeared before Magistrate Judge Wells and agreed to pretrial detention. Since September 14, 2023, Mr. Aina has been in continuous custody on this matter. He was held for 11 months in a Nigerian jail and the last 15 months at the FDC. During that entire 26-month period he has remained misconduct free.

On May 5, 2025, Mr. Aina appeared before this Court and accepted full responsibility for his actions and entered a plea of guilty to Counts 1 through 8 of the indictment. This plea was entered in accordance with a written guilty plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Mr. Aina is extremely remorseful for the grave consequences of his actions. But platitudes about remorse do not even begin to describe the depth of Mr. Aina's reckoning over the last two years. He has sat with the needless loss of life his actions caused. First in Nigerian prison. Then

on the unexpected flight to a foreign land. And now over the last year at the Federal Detention Center in Philadelphia. He is now 27 years old and has never had any contact with the criminal justice system. Mr. Aina is a Christian, saxophone-playing, microbiologist. He has always been a law-abiding person. Never for a second did he intend for death or injury to occur—and yet he recognizes that his own actions created the risk that it would. And while it may seem far too convenient, Mr. Aina shares much of the social media critique leveled by the victim's family. J.S. was a mere abstraction to Mr. Aina at the time of their two-day communication; a wealthy American who would send him money if he just followed the script. Mr. Aina will live with the knowledge that his actions caused J.S.'s death for the rest of his life. He is prepared to serve a lengthy sentence in federal prison and take each and every day as an opportunity to make amends for his misconduct. He is overwhelmingly sorry. He knows he is not entitled to the family's forgiveness.

On May 30, 2025, the government moved to dismiss Counts 2, 3 and 4 and this Court granted that motion the same day. Sentencing in this matter is now scheduled before this Court on October 28, 2025, on the remaining Counts.

## II.    THE APPLICABLE GUIDELINES AND THE PLEA AGREEMENT

The defense agrees with the advisory guideline range set forth in the Presentence Investigation Report. Specifically, the Base Offense level for the grouped counts is 18. (PSR at p.17). This level is increased by 4 points because the offense involved more than one aggravating factor. (PSR at p.17). The offense level of 24 is then reduced by 3 points to 21 because Mr. Aina has clearly demonstrated his acceptance of responsibility for the offenses and did so in a timely manner. (PSR at p.18).

3

Mr. Aina has no prior convictions and is therefore placed in Criminal History Category I. (PSR at p. 18). Based on an offense level of 21 and a Criminal History Category of I the guideline range is 37 to 46 months. (PSR at p. 23).

As noted above, the parties have entered into a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Given the circumstances of the offense, the parties stipulated that the sentence of incarceration would be between 52 and 72 months followed by 5 years of supervised release, a significantly higher range than the guidelines prescribe. (Plea Agreement at p. 3).

For the reason set forth below, the defense respectfully requests that this Court accept the terms of the written plea agreement and impose a sentence within the agreed upon range of 52-72 months. A sentence of imprisonment within that range will be sufficient but not greater than necessary in this case given the nature of the offense and Mr. Aina's personal history and characteristics pursuant to *United States v. Booker*, 543 U.S. 220 (2005), its progeny, and 18 U.S.C. § 3553(a).

### III.    MR. AINA'S PERSONAL HISTORY

Imoleayo Samuel Aina ("Sam") was born on March 13, 1998, in Owo, a hilly agricultural municipality in Ondo State, Nigeria about 200 miles east of Lagos. Sam and his siblings were raised by their devoted mother Abigail Olayinka, who ran a frozen food business to provide for her family. She was the family matriarch. With the kids' father out of the picture, Ms. Olayinka kept one of the few commercial freezers in the village and specialized in trading frozen chicken and turkey. Money was tight. One day, the power went out for so long that Ms. Olayinka's entire stock of frozen foods spoiled. Sam remembers that his family had very little to eat over the ensuing

weeks. His father was no help. A police officer, Lawrence Aina would come by drunk and beat Ms. Olayinka. Ms. Olayinka has remained the centerpiece of Mr. Aina's family. He spoke to her weekly from the FDC and she helped him understand his extradition, the case, and the power of taking responsibility for the act that Sam so terribly regrets. In September 2025, Ms. Olayinka died unexpectedly while awaiting surgery for an intestinal infection caused by typhoid fever.

Sam's childhood in Owo was happy in many respects. He had good friends at school and got by academically. But music was his passion. As a boy, he tried every instrument he could get his hands on. The saxophone was his favorite. He played and played at every opportunity. Later in life, Sam would train as a vocalist and a pianist. He played saxophone in the band at his church. Here are photos of Sam practicing and then piping out a saxophone solo in a joyful rendition of Come, Ye Children of the Lord.

 

Sam's childhood was also marked by tragedy. When Sam had just reached adolescence, his younger brother Seyi died of a preventable disease. As Mr. Aina understands it, his mother was reluctant to vaccinate Seyi because childhood vaccinations had left Sam permanently disabled— he has a severely underdeveloped right leg that lacks muscle mass. This deformity is readily apparent to defense counsel and would be to the Court should Mr. Aina stand and pull the slack out of his prison-issued jumpsuit at sentencing. This disability leaves Mr. Aina unable to exercise normally and interferes with his ability to obtain work that requires physical labor. But most damagingly of all, Seyi's death led to resentment toward Sam from other members of his family, and even from his mother. Sam's impairment is why Seyi was not vaccinated. And yet it was likely not the vaccine that disabled Sam but fact that it was improperly administered.

In his teenage years Sam admirably focused on his education. He graduated from Oluwaseyi High School, in Ore, Nigeria, a town on the main road from Ono to Lagos. He studied music there to the extent possible and took additional courses at King David School of Music, also in Ore. Sam graduated in 2018. From there he pursued post-secondary education at Polytechnic Institute in Ibadan, Nigeria. Sam decided to study Laborary Science Technology as his National Diploma subject, a common two-year gateway degree in Nigeria. He successfully earned this degree and yet again elected to continue his education, this time pursuing a Higher National Diploma in microbiology. He was approaching graduation at the time of his arrest in this case. His first order of business upon return to Nigeria will be to finish his independent project and obtain this advanced degree. This is a photograph of Sam and his schoolmates at their graduation.



Family remains the focal point of Mr. Aina's life. He talks to his siblings, Ayomide and Stephen, every week. And he is grieving the loss of his mother—the most important relationship in his life and "best friend"—from his jailcell in Philadelphia. He continues to sit with remorse and is beginning to share this process with his siblings now that his mother is gone. Before she died, Ms. Olayinka wrote Your Honor a letter. *See* Exhibit A. In it, she writes:

> Imoleayo has been a devoted and helpful Christian, raised in a home grounded in faith, discipline, and love. Since childhood, he has shown strength and resilience. . . . He is a caring, responsible, and good-hearted boy who finds deep joy in serving God and helping others. This recent situation has brought us pain and sadness. But I know my son. I know his character, his faith, and his sincere heart. I truly believe

this moment does not define who he is. He has shown remorse, and I am confident that if given another chance, he will rise above this with dignity and a renewed commitment to doing what is right.

His bandmates and friends echo this refrain. *See id*. So does Sam's sister Ayomide. *See id.*

Among the three of us siblings, Imoleayo has always stood out as the most calm, disciplined, and responsible. I used to proudly tell my friends that he was one of the most upright young men I knew in our country-he has never smoked, drank alcohol, taken drugs, or participated in any form of illegal activity. From a very young age, he has been a devoted Christian and has passionately served in our church, the Celestial Church of Christ.

Indicative of Sam's character, Ayomide tells the story of when she had an emergency Cesarean section. Sam was the one by her side for three days in the hospital. He's been a devoted uncle ever since and hopes to one day soon have children of his own. Here are photographs of Mr. Aina with his mother and with his niece, Jade.

 

Ultimately, Mr. Aina will spend the rest of his life atoning for his actions in this case. He will return to living a life above reproach. He will return to his church, to the saxophone, to his family, and to career as a budding biologist if he can find employment in that field. If there was an act in his power that would bring J.S. back, Mr. Aina would not hesitate to take it. He understands that, however insufficient it may be, living the rest of his life as a law-abiding, contributing member of society is the only way forward.

## IV. APPLICATION OF THE REMAINING 18 U.S.C. § 3553(a) FACTORS TO MR. AINA'S CASE.

A careful analysis of the factors set forth in 18 U.S.C. § 3553(a)—with which the Court is eminently familiar—dictates that a sentence within the c-plea range is sufficient, but not greater than necessary.

Mr. Aina's history and characteristics, as discussed above and considered in light of § 3553(a)(1), bring context and chronology to the transgression at issue in this case. Even if the consequences of his actions were far beyond his intent, Mr. Aina understands that his actions caused J.S.'s death and he does not minimize the severity of his actions. He has absolutely no criminal record. Indeed, a close study of Mr. Aina's life history reveals tremendous promise and an extremely low likelihood that he will ever commit another crime.

A sentence within the agreed-upon range also reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. In fact, it is significantly above his sentencing guidelines.

At the same time, a sentence that honors the negotiated c-plea will provide specific deterrence, incapacitating Mr. Aina for years to come. He will remain in federal prison well into his mid-30s. This will be time for Mr. Aina to continue to reflect on his actions and assemble the

tools necessary to live lawfully after his release. The consensus c-plea range is a weighty prison sentence. Moreover, Mr. Aina is more likely to be deterred from future criminal conduct by such a sentence than would a hardened criminal who had previously served lengthy prison terms. This is his first and only time in custody anywhere, let alone in a country across the world from his home. Mr. Aina has spent the past two years missing his family and feeling guilty for not fully being able to participate in their lives. He has just lost his mother. Incarceration has already exacted a cost. And it will continue to. A sentence of within the c-plea range will severely diminish the likelihood that Mr. Aina ever interacts with the criminal justice system in the United States, Nigeria, or anywhere else when this sentence is finally over. For these reasons, such a sentence will suffice to deter any further criminal conduct by Mr. Aina and therefore protect the public.

Mr. Aina will continue taking maximum advantage of all education and vocational opportunities afforded to him while in custody.

A sentence within the consensus range would not create an unwarranted sentence disparity. It is an above-guideline disposition, which reflects Mr. Aina's recognition that the guidelines may not fully account for the gravity of what occurred. Indeed, that recognition was accounted for in the parties' thoughtful and prolonged negotiations in this case. Moreover, it is unclear to defense counsel whether Mr. Aina will get credit for the 11 months he spent in custody in Nigeria for the instant offense before extradition.

Restitution should be ordered in the amount of $3250. Mr. Aina understands and accepts that restitution will be a component of the disposition in this matter.

## V.    IMOLEAYO SAMUEL AINA HAS ACCEPTED RESPONSIBILITY FOR HIS ACTIONS AND IS PREPARED TO PAY HIS DEBT TO SOCIETY

Samuel Aina is truly remorseful for his actions. He has pled guilty and accepted full responsibility for what he did and he is prepared to serve a significant term of imprisonment in order to pay his debt to society. During his incarceration he intends to utilize every opportunity to better himself in preparation for the day when he can again live in his community and be a productive member of society. He intends to enroll in every class that is offered and partake in any and all counseling that is available at his designated prison.

Attached hereto as exhibits are a character letters that shed light on the type of individual Sam was and can be again upon his release.

As he stands before this Court for sentencing Mr. Aina is 27 years old. He has been in custody now for over 2 years. He has spent the entire time reflecting on his ill-conceived actions and their momentous consequences. He is determined to show his family, the victim's family and this Court that he can be a productive member of society again. He is committed to using the years he will spend in prison to better himself educationally and emotionally. Simply put, if given the chance, he will do everything in his power not to disappoint the trust of this Court and show that he is someone that can be rehabilitated.

For all of the reasons set forth above, the defense respectfully requests that this Court accept the terms of the written plea agreement entered into between the parties and sentence the defendant within the range of 52 and 72 months in prison to be followed by 5 years of supervised release.

Respectfully submitted,

JEREMY ISARD
JAMES J. MCHUGH, JR.
Assistant Federal Defenders

## **CERTIFICATE OF SERVICE**

We, Jeremy Isard and James J. McHugh, Jr., Assistant Federal Defenders, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that we have served a copy of Defendant's Sentencing Memorandum, via electronic delivery, upon Patrick Brown, Assistant United States Attorney to his office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

JEREMY ISARD
JAMES J. MCHUGH JR.
Assistant Federal Defenders

DATE:        October 22, 2025

Exhibit A

Aina Abigail Olayinka

No 4 Ten Kobo Street, Idi Mango

Ore, Ondo State, Nigeria

08065535171


Date: August 1, 2025


The Honorable Joel H. Slomsky

United States District Court Judge


RE: Letter of Support for Aina Imoleayo Samuel - Criminal No: 24-282


Dear Judge Slomsky,


My name is Aina Abigail Olayinka, and I am the mother of Aina Imoleayo Samuel, who is currently before you in Criminal Case No: 24-282. I am writing to respectfully express my heartfelt support for my son and to ask the court to consider compassion and leniency in his case.


Imoleayo has been a devoted and helpful Christian, raised in a home grounded in faith, discipline, and love. Since childhood, he has shown strength and resilience. At just three months old, he became paralyzed in one leg after receiving an immunization. My husband and I used all our resources and even borrowed money to help him walk again. By God's grace, he now walks with a limp, and his perseverance through that hardship shaped the young man he became.


Despite our financial struggles, I supported the family through my petty trading. When Imoleayo turned 14, he began playing the saxophone-not only because of his love for music but to help fund his education and ease the burden on our family. He is a caring, responsible, and good-hearted boy

who finds deep joy in serving God and helping others.

This recent situation has brought us pain and sadness. But I know my son. I know his character, his faith, and his sincere heart. I truly believe this moment does not define who he is. He has shown remorse, and I am confident that if given another chance, he will rise above this with dignity and a renewed commitment to doing what is right.

I respectfully ask for your understanding and mercy, and I trust that whatever decision you make will be fair and just.

Thank you, Your Honor, for taking the time to consider my letter.

Respectfully,

Aina Abigail Olayinka



AINA AYOMIDE ELIZABETH

No 14 UNITY STREET

IBADAN OYO STATE

08147969779

Ayomideaina4@gmail.com


Date: 31/07/2025


Honorable Judge Joel H Slomsky

United States District Judge

United State


RE: Letter of Support for Aina Imoleayo Samuel (Criminal No: 24-282)


Dear Honorable Judge,


My name is Aina Ayomide Elizabeth, and I am the immediate elder sister of Aina Imoleayo Samuel, who is currently before you for sentencing in criminal case number 24-282. I write this letter with a sincere and humble heart, asking for your leniency and compassion as you consider the circumstances surrounding my brother.


Among the three of us siblings, Imoleayo has always stood out as the most calm, disciplined, and responsible. I used to proudly tell my friends that he was one of the most upright young men I knew in our country-he has never smoked, drank alcohol, taken drugs, or participated in any form of illegal activity. From a very young age, he has been a devoted Christian and has passionately served in our church, the Celestial Church of Christ.

Imoleayo began playing the saxophone and keyboard at the age of 14, and his gift in music quickly opened doors for him. He served not only in our home church but was also invited to minister in other respected churches like Redeemed Christian Church of God and Mountain of Fire Ministries. In fact, in 2015, he won a music competition at Mountain of Fire Ministries. Later, he joined a Juju band, AJsequential Music, which allowed him to support himself through his Higher National Diploma (HND) program, as we come from a family with limited financial resources.

My brother has always been independent and driven. He took responsibility for his own education and made a way for himself through hard work and humility. He also gave back by training young children in church twice a week, teaching them how to play musical instruments as part of his service to the community. Music has always been his calling, and his role in the church has touched many lives.

On a personal note, he has been a pillar of support in my own life. When I was in labor with my child for three days, Imoleayo never left my side. Even when I had to undergo an emergency Cesarean section, he remained by me, worried and praying, not even remembering to eat until late into the night. That's the kind of man he is-loving, loyal, and always ready to sacrifice for others. His arrest has cost our mother her health.

Imoleayo is deeply remorseful for what has happened. He never intended for any of this to occur, and we, his family, are truly sorry for any harm or damage that has been caused. I know my brother's heart, and I believe this experience has humbled and changed him even more. I respectfully ask the court to consider his good character, his deep remorse, and his past contributions to the community as you weigh your decision.

Your Honor, I kindly plead for mercy on his behalf. A lenient sentence would give him the opportunity to learn, grow, and continue to be a force for good-both in our family and in the society

he so loves to serve.

Thank you for your time and for considering this letter.

With sincere respect,

Aina Ayomide Elizabeth



Femi Ajayi

Founder, AJ Sequentials & African Groove

No. 5 Bodija Street

Ibadan, Oyo State, Nigeria


Date: August 3, 2025


Honorable Judge Joel H. Slomsky

United States District Judge

United States


Re: Letter of Support for Aina Imoleayo Samuel - Case No: 24-282


Dear Honorable Judge Slomsky,


My name is Femi Ajayi, founder of AJ Sequentials and African Groove, a music group dedicated to promoting African rhythm and talent through performance and mentorship. I am writing this letter in support of Mr. Aina Imoleayo Samuel, who has served as a saxophonist in our band.


I have known Samuel since 2019, when he was a student at Ibadan Polytechnic. I was first drawn to him after witnessing one of his captivating performances during a school event. His passion, discipline, and raw talent were undeniable. Since then, I have had the privilege of working closely with him, and I can confidently say he is one of the most respectful, responsible, and generous young men I have ever encountered.


Beyond his musical gift, Samuel has always carried himself with humility and integrity. He has

consistently shown a willingness to give to others - whether through his time, skills, or support. He has been a source of inspiration to younger musicians and a key contributor to the unity and success of our group.

I am fully aware of the seriousness of the matter before your court and do not seek to minimize its weight. However, I respectfully ask for your leniency, taking into account the positive impact Samuel has made on those around him and the great potential he still holds. I believe he can continue to be a productive and valuable member of society if given the opportunity.

Thank you for your time and consideration.

Respectfully,

Femi Ajayi



Kolawole Kayode Peters

No. 10 Lead City Estate, Sangotedo

Lagos, Lagos State

09017793791


2nd August 2025


Honorable Judge Joel H. Slomsky

United States District Judge

United States


RE: Letter of Support for Aina Imoleayo Samuel - Criminal Case No: 24-282


Dear Honorable Judge Slomsky,


My name is Kolawole Kayode Peters, and I am writing this letter in support of my longtime childhood friend, Aina Imoleayo Samuel, who is currently before you in Criminal Case No: 24-282.


I have known Imoleayo for over 16 years, since we were children growing up together in Ore, Ondo State, Nigeria. From a young age, Imoleayo stood out among our peersnot only because of his limp in one leg, which never stopped him from being activebut also because of his strong sense of independence, determination, and resilience. Despite his physical challenge, he always participated in the same activities as the rest of us, never asking for special treatment.


One of the most admirable things about him is his discipline and lifestyle. Imoleayo has had a deep passion for music since childhood, and I used to envy his dedication and focus. While many of us gave in to peer pressure, he stood firm in his choices. He never drank alcohol, never smoked, and never used drugs. Even when some of our

friends made jest of him, he remained calm and stayed true to himself, always choosing water or juice over anything harmful.

Imoleayo is someone who has always been committed to living a positive life, and I believe that he still holds that strength of character. I sincerely ask Your Honor to consider his background, the challenges he has overcome, and the integrity he has shown over the years. I am confident that he is capable of rebuilding his life and contributing positively to society if given the chance.

Thank you for taking the time to read this letter and for considering my sincere support for my friend.

Respectfully,

Kolawole Kayode Peters

Signed:

 Kolawole Kayode Peters

# GOLDENROYAL LEGAL PRACTITIONERS
### 210 Ipaja Road (Adjacent St. Andrews Church), Akinyele, Ipaja, Lagos
### Email: goldenroyallegalpractitioners@gmail.com
### Telephone: +2349169591039, +2348155665569

Our Ref:.........................................    Your Ref:................................

July 30, 2025

The Honorable Joel H Slomsky,
United States District Judge,
United State

**C/O.**

**Jeremy Isard,**
Assistant Federal Defender,
Federal Community Defender Office,
The Curtis,
601 Walnut Street,
Suit 540 Wes Philadelphia,
Pennsylvania 19106=3323

Dear Sir,

### CHARACTER LETTER
### RE: IMOLEAYO SAMUEL AINA, CRIMINAL NO: 24-282

I am Taiwo Elijah Ogunleye, Esq, a Barrister and Solicitor of the Supreme Court of Nigeria, with Supreme Court Number SCN121154. I am the Managing Partner of GoldenRoyal Legal Practitioners, a full-service law firm carrying out business within the Federal Republic of Nigeria. My job line includes both criminal and civil litigation, organizations registration with the Corporate Affairs Commission and constitutional and human rights advocacy. I have known Mr. Imoleayo Aina for Twenty-Two (22) months as a client of our law firm. I am aware of the charges against the referent as I was briefed of the matter upon his arrest.

I have known Mr. Aina to be an individual who has committed himself to the welfare and education of underprivileged girls in the northern part of Nigeria. On September 10, 2023, Mr. Aina approached our office for the registration of a non-governmental organization to raise funds for the education of neglected girls in some parts of Nigeria. During preliminary interview, I found that Mr. Aina was presently responsible for the education of four girls within the ages of six and nine. These girls, Muibat Ahmed, Nurudeen Aisha, Nurat Musa and Nofisat Nurudeen, are children of indigent parents from Borno and Jigawa states of Nigeria. Having observed that that there were many other young girls in northern Nigeria who were out of school, Mr. Aina had decided to register an NGO to raise funds from friends and families to sponsor the education of indigent girls in northern Nigeria. Unfortunately, we were in the process of registering the NGO when Mr. Aina was arrested on the 14th day of September 2023. It is worthy to note that since the end of the 2023 school year, Muibat Ahmed, Nurudeen Aisha, Nurat Musa and Nofisat Nurudeen have been out of school due to non-payment of school fees as a result of Mr. Aina's absence. Mr. Aina's parents have also informed me of how Mr. Aina donated school materials, such as textbooks and notebooks, to over fifty indigent students in Oyo State sometime in March 2023.

While I am aware that Mr. Aina is currently standing criminal trial at the United State District Court, it is important to state that Mr. Aina I have witnesses Mr. Aina's remorse and repentance in relations to the offences for which he is to be sentenced. Upon Mr. Aina's arrest by the officers of the Economic and Financial Crimes Commission on the 14th day of September 2023, Mr. Aina was denied access to a lawyer and to his relatives until the interrogation scheduled with the FBI. After the FBI interview, where I was Mr. Aina's counsel, I filed a fundamental rights enforcement action with Suit No: FHC/L/CS/ 1886/23 at the Lagos Division of the Federal High Court of Nigeria. When I informed Mr. Aina of the filing of the suit, he specifically instructed me to withdraw the action since he was arrested for an offence which he was reasonably believed to have committed. This quick repentance and the absence of any past criminal act shows that the criminal act before the court was a deviation from Mr. Aina's personality and good moral standing.

I humbly request that the court considers Mr. Aina's past benevolent acts and the impact of a jail term on the beneficiaries of Mr. Aina's charitable acts towards their education. We thank the Court for the privilege to comment on Mr. Aina's character.

Yours faithfully,



Taiwo Ogunleye, ESQ