UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, Plaintiff, v. AINA, et al. (AFEEZ OLATUNJI
ADEWALE), Defendant.
Criminal No. 2:24-cr-00282

**MOTION OF MATTHEW RUSSELL LEE, A JOURNALIST FOR INNER
CITY PRESS APPEARING IN HIS PERSONAL CAPACITY, TO UNSEAL
DOCKET NOS. 115 AND 116**

Matthew Russell Lee, a journalist for Inner City Press appearing in his personal
capacity, respectfully moves to unseal Docket Nos. 115 and 116, filed July 21,
2026, and requests that this Motion be docketed.

The public docket reflects that on July 21, 2026, the government filed a sealed
motion (Dkt. No. 116) and a sealed exhibit (Dkt. No. 115) as to defendant Afeez
Olatunji Adewale, the same day it filed an attachment to a sentencing
memorandum (Dkt. No. 114) that is not sealed. No order, no motion for leave to
seal, and no stated basis for sealing Docket Nos. 115 and 116 appears anywhere on
the public docket.

The Third Circuit has squarely held that the First Amendment right of access
extends to criminal proceedings and to the judicial records generated in them,
including materials bearing on sentencing. United States v. Criden, 675 F.2d 550,
554-57 (3d Cir. 1982); In re Cendant Corp., 260 F.3d 183, 192-94 (3d Cir. 2001).
Sealing requires specific, on-the-record findings that closure is narrowly tailored to
serve a compelling interest; where portions of a filing implicate a genuinely
compelling interest, the remedy the law prescribes is targeted redaction of those
portions, not wholesale sealing of the entire motion and exhibit. Docket Nos. 115
and 116 were sealed without any such findings appearing on the public docket, and
without any indication that a less restrictive alternative was considered.

Numerous Federal judges docket and act on Press requests such as this, routinely
in SDNY (leading to the 2d Circuit, Lee v. Greenwood, 145 F.4th 248, No. 23-
7432-cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-
v-greenwood/ and see, recently (July 17, 2026) NDIN
https://storage.courtlistener.com/recap/gov.uscourts.innd.127119/gov.uscourts.innd.
127119.72.0.pdf and (May 22, 2026), UMG Recordings, Inc. v. Suno, Inc. (1:24-
cv-11611) District of Massachusetts (F. Dennis Saylor IV, J), " A member of the

1

press has submitted a letter opposing the motion to impound. (Dkt. No. [233]), https://www.courtlistener.com/docket/68878608/233/umg-recordings-inc-v-suno-inc/ and Colorado (hearing on "non-party Inner City Press's responses in opposition to restriction) https://www.courtlistener.com/docket/69318033/77/jones-v-united-airlines-inc/ and Maryland (June 12, 2026) https://www.courtlistener.com/docket/72457825/22/united-states-v-rappaport/ and also in EDNY (see, e.g. https://www.courtlistener.com/docket/67935173/57/united-states-v-karony/) and 2026 https://www.courtlistener.com/docket/73591106/1/in-re-inner-city-press/ and DDC (see, e.g. https://www.courtlistener.com/docket/50260045/117/united-states-v-reffitt/ and https://storage.courtlistener.com/recap/gov.uscourts.dcd.235480/gov.uscourts.dcd.235480.19.0.pdf ("Let this be filed")

Let *this* be filed.

Movant respectfully requests that the Court: (1) docket this Motion; (2) direct the government to file public versions of Docket Nos. 115 and 116, with only such redactions as are supported by particularized, on-the-record findings under Criden and Cendant, or to show cause why either document should remain sealed in its entirety; and (3) permit movant to be heard, by further submission, before any renewed sealing determination.

Dated: July 23, 2026

Respectfully submitted,

/s/ *[signature]*

Matthew Russell Lee
a journalist for Inner City Press
appearing in his personal capacity
PO Box 130222, Chinatown Station, New York, NY 10013
matthew.lee@innercitypress.com | 718-716-3540

June 2, 2026, The Playground (UK), "Suno Fights Music Labels to Keep AI Training Track Count Secret," "This dispute has drawn intervention from Inner City Press (ICP), which is urging the court to deny Suno's request to keep legal documents containing the training tally confidential. Matthew Lee from ICP argues that the information is of significant public interest, especially for music professionals who want to understand how their recordings are utilised," https://theplayground.co.uk/suno-fights-music-labels-to-keep-ai-training-track-count-secret/